

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROYE B. SAMPLE JR., JOHN DAUGHERTY, BRIAN ADAIR, TOM QUINN, and DONALD PAYTON, on behalf of themselves and all others similarly situated, | § § § § § § | |
| Plaintiffs, | § § | |
| vs. | § § | CIVIL ACTION NO:3-04CV-1153 H |
| FEDERAL RESERVE BANK OF DALLAS, | § § § | |
| Defendant. | § | |

## JOINT STATUS REPORT

COME NOW Plaintiffs Roye B. Sample, Jr., John Daugherty, Brian Adair, Tom Quinn and Donald Payton, On Behalf of Themselves and All Others Similarly Situated, ("Plaintiffs" herein) and Defendant Federal Reserve Bank of Dallas ("Defendant" herein) and file this Joint Status Report and would show the Court as follows:

Counsel for Plaintiff, Jessica M. Dean and Jeremi K. Young, and counsel for Defendant, Ann Marie Painter, conferred in person on July 19, 2004.

**1.    A brief statement of the claims and defenses:**

Plaintiffs' Statement:

Defendant hires employees to provide numerous services including providing security for the Federal Reserve Bank of Dallas. Defendant withholds earned overtime wages from Plaintiffs' pay checks on a regular basis. Although Plaintiffs frequently work

more than 40 hours per week, they are not compensated at the FLSA mandated time-and-a-half pay rate for all hours worked over forty.

Specifically, Plaintiffs allege they are, for the most part, only paid for the time they are scheduled to work even when they actually work more than their scheduled time. In addition, Plaintiffs claim that before and after their scheduled shifts they are required to get to work and put on uniforms, boots, clips, sprays, guns, and other equipment. Some of the equipment must be checked-out and some of it must be removed from a locker where it is kept between shifts. Plaintiffs claim that these requirements take a significant amount of time and that they are not paid for that time. Plaintiffs are suing to recover unpaid overtime for June 1, 2001 to the present.

Defendant's Statement:

Defendant denies that it has improperly failed to pay Plaintiffs for work time or overtime, and asserts that it has paid Plaintiffs for all compensable work time. With regard to the Plaintiffs' allegations regarding to the donning and doffing of uniforms and other equipment, Defendant asserts that the time spent in such activity is de minimus as a matter of law and in noncompensable time. In addition, to the extent Plaintiffs' claims are individual in nature and subject to a case-by-case determination, Plaintiffs and any putative opt-in plaintiffs are not similarly-situated, and this action is inappropriate for class treatment and should not proceed as a representative action. Defendant also asserts that pay claims for time worked before June 1, 2001 are time-barred by the applicable statute of limitations.

2. **Proposed time limit to file motions for leave to join other parties:**

Plaintiffs and Defendant agree to October 18, 2004 as the deadline to file motions for leave to join other parties or otherwise join or add additional parties.

3. **Proposed time limit to amend pleadings:**

Plaintiffs and Defendant agree to October 18, 2004 as the deadline to amend pleadings.

4. **Proposed time limits to file various types of motions, including dispositive motions:**

Both parties agree that all summary judgment motions shall be filed by February 7, 2005. Defendant shall file any Motion to decertify by January 24, 2005.

5. **Proposed time limit for initial designation of experts:**

Plaintiffs have until October 18, 2004 to designate experts and submit any expert report(s).

6. **Proposed time limit for responsive designation of experts:**

Defendant has until November 18, 2004 to designate experts and submit any expert report(s).

7. **Proposed plan and schedule for discovery:**

The time limit to complete factual and expert discovery is January 24, 2005. Discovery should not be conducted in phases or limited to or focused upon particular issues. Defendant, however, reserves the right to object to Plaintiffs' discovery requests.

8. **Changes to limitations on discovery imposed and other limitations:**

None at this time.

9. **Proposed trial date, estimated number of days required for a trial and whether or not a jury has been demanded:**

Plaintiffs and Defendant request a trial date of May 16, 2005 and anticipate a 2-3 day trial. Both parties request that the Court rule on either parties dispositive motions, if any, prior to setting a final trial date. Plaintiffs do not request a jury trial.

10. **Objections to FED. R. CIV. P. 26(a)(1) asserted in Scheduling Conference and other proposed modifications to the timing, form or requirement for disclosures under Rule 26 (a), including a statement as to when disclosures under Rule 26 (a)(1) were made or will be made:**

Disclosures will be made by Plaintiffs and Defendant by August 9, 2004.

11. **Whether all parties will consent to a trial before U.S. Magistrate Judge:**

The Parties do not consent to a trial before a United States Magistrate.

12. **Whether the parties are considering mediation or arbitration to resolve this litigation and a statement of when it would be most effective:**

Plaintiffs and Defendant agree to mediation on or before December 31, 2004.

13. **Any other proposals regarding scheduling and discovery the parties believe will facilitate expeditious and orderly preparation for trial:**

None at this time.

14. **Whether a conference with the Court is desired:**

Not at this time.

15. **Any other matters relevant to the status and disposition of this case, including any other Orders that should be entered by the Court under R. 16(b) and (c) and 26 (c):**

None at this time.

Respectfully submitted,

RASANSKY LAW FIRM

By: *Jessica M. Dean by permission Amy*
   **Jeremi K. Young**
   State Bar No. 24013793
   **Jeffrey H. Rasansky**
   State Bar No. 16551150
   **Jessica M. Dean**
   State Bar No. 24040777

2525 McKinnon, Suite 725
Dallas, Texas 75201
214/651-6100
214/651-6150 Fax

**Counsel for Plaintiffs**


BAKER & MCKENZIE, L.L.P.

By: *Ann Marie Painter*
   Ann Marie Painter
   State Bar No. 00784715
   Ronald E. Manthey
   State Bar No. 12927400
   Kimberly Rich
   State Bar No. 24010344

2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
Telephone: 214.978.3000
Facsimile:  214.978.3099

**Counsel for Defendant**